Clerk's Office
Filed Date:  9/14/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

JMS:DGR/NJM/LRO/JML
F. #2018R00788

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MOELEEK HARRELL,
    also known as "Moelek" and
    "Moe Money,"
DERRICK AYERS,
    also known as "Dee" and
    "Mel,"
TYRONE BANKS,
    also known as "Ty Hitta,"
JANET BLOOD,
TIRI BROWN,
    also known as "Tyhoe,"
JOHNNY CHILES,
BERMON CLARKE,
    also known as "G" and
    Blue,"
MIKE GUSTAVO CONNOR,
    also known as "Gus,"
RONALD DAVIS,
    also known as "Ronno,"
NEHEMIE ERIL,
    also known as "Poca,"
CHRISTINA ESTEVEZ,
COURTNEY FOSTER,
    also known as "Biga,"
FRANKLIN GILLESPIE,
    also known as "Spazz" and
    "Frankie Gino,"
ROMEO GONZALES,
AVERY GOODLUCK,
    also known as "Ave,"
KEON GRANT,
    also known as "Keys,"
PAUL HARRIS,
    also known as "Baldhead,"

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 20-239 (S-8) (BMC)
(T. 18, U.S.C., §§ 844(c)(1), 844(h),
844(i), 844(n), 922(a)(5), 922(g)(1),
924(a)(1)(D), 924(a)(2), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(d)(1), 924(j), 981(a)(1)(C),
982(a)(1), 982(a)(2), 982(b)(1), 1951(a),
1956(h), 1959(a)(3), 1959(a)(5), 1962(c),
1963(a), 1963(m), 3147(1), 2 and 3551 et
seq.; T. 21, U.S.C., §§ 841(a)(1),
841(b)(1)(A)(i), 841(b)(1)(A)(ii),
841(b)(1)(A)(iii), 841(b)(1)(A)(vi),
841(b)(1)(C), 846, 853(a), 853(p), 856(a)
and 856(b); T. 28, U.S.C., § 2461(c))

ROBERT HOLT,
    also known as "Ricky" and
    "Ghost,"
AMANDA HUARD,
DEMETRIUS JOHNSON,
    also known as "Q,"
LATRELL JOHNSON,
    also known as "Barlie Buckz,"
ANTHONY KENNEDY,
    also known as "Biggie,"
MICHAEL PEREZ,
    also known as "White Mike,"
JOELLE POCHE,
    also known as "Rico,"
AMANDA WALTON,
    also known as "A," and
DANIELLE WHITE,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

<u>INTRODUCTION</u>

    At all times relevant to this Superseding Indictment, unless otherwise indicated:

<u>The Enterprise</u>

    1.    The Bully Gang, or the "Enterprise," was a street gang comprised primarily of individuals residing in, or associated with, the Bedford-Stuyvesant neighborhood of Brooklyn, New York. Members and associates of the Enterprise engaged in drug trafficking, bribery, money laundering and firearms trafficking, and have committed acts of violence, including acts involving murder, robbery, assault and extortion, as well as other crimes.

    2.    The Bully Gang, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Sections 1959(b)(2) and 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of

which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3.    Members and associates of the Enterprise trafficked narcotics between Maine and Brooklyn, New York, among other places. Members and associates of the Enterprise also trafficked narcotics into correctional facilities for the benefit of members of the Enterprise. Members and associates of the Enterprise routinely promoted the standing and reputation of the Enterprise, and committed, and agreed, attempted and threatened to commit, acts of violence to protect fellow members and associates of the Enterprise, and to otherwise promote the standing and reputation of the Enterprise.

<u>Purposes of the Enterprise</u>

4.    The purposes of the Enterprise included the following:

(a)    preserving and protecting the power, territory and criminal ventures of the Enterprise through the use of intimidation, threats of violence and acts of violence, including murder, robbery, arson, assault and extortion;

(b)    promoting and enhancing the prestige, reputation and position of the Enterprise with respect to rival criminal organizations;

(c)    keeping victims and rivals in fear of the Enterprise and its members and associates through acts of violence and threats of violence;

(d)    providing assistance to members and associates who committed crimes for and on behalf of the Enterprise;

(e)    enriching the members and associates of the Enterprise through criminal activity, including drug trafficking, firearms trafficking, robbery and extortion; and

4

   (f)  concealing the activities of the Enterprise from law enforcement.

<u>Methods and Means of the Enterprise</u>

  5.  Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

   (a)  members of the Enterprise and their associates committed, conspired to commit, attempted to commit and threatened to commit acts of violence, including acts involving murder, robbery, arson, assault and extortion, to enhance the Enterprise's prestige and protect and expand the Enterprise's criminal operations;

   (b)  members of the Enterprise and their associates used, attempted to use and conspired to use drug trafficking, robbery and extortion as means of obtaining money;

   (c)  members of the Enterprise and their associates laundered the proceeds of their narcotics trafficking and re-invested the proceeds to promote additional criminal activities;

   (d)  members of the Enterprise and their associates bribed and conspired to bribe public officials including corrections officers to ensure their ability to continue distributing narcotics;

   (e)  members of the Enterprise and their associates used and threatened to use physical violence against various individuals; and

   (f)  members of the Enterprise and their associates obtained, possessed and used firearms.

## The Defendants

6.     The defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G" and "Blue," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," DEMETRIUS JOHNSON, also known as "Q," LATRELL JOHNSON, also known as "Barlie Buckz," ANTHONY KENNEDY, also known as "Biggie," MICHAEL PEREZ, also known as "White Mike," and AMANDA WALTON, also known as "A," were members and associates of the Bully Gang and participated in the operation and management of the Enterprise.

## COUNT ONE
(Racketeering)

7.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

8.     In or about and between January 2016 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G" and "Blue," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," DEMETRIUS JOHNSON, also known as "Q," LATRELL JOHNSON, also known as "Barlie Buckz," ANTHONY KENNEDY, also known as "Biggie," MICHAEL PEREZ, also known as "White Mike," and AMANDA WALTON, also known as "A," together with others, being persons employed by and associated with the Bully Gang, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a

pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

### RACKETEERING ACT ONE
(Narcotics Trafficking Conspiracy)

9.      In or about and between January 2016 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, DERRICK AYERS, BERMON CLARKE, FRANKLIN GILLESPIE, DEMETRIUS JOHNSON, ANTHONY KENNEDY, MICHAEL PEREZ and AMANDA WALTON, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance, (b) a substance containing heroin, a Schedule I controlled substance, and (c) a substance containing N-Phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846. The amount of cocaine and heroin involved in the conspiracy attributable to HARRELL, AYERS, CLARKE, GILLESPIE, KENNEDY and WALTON, as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was five kilograms or more of a substance containing cocaine and one kilogram or more of a substance containing heroin, contrary to Title 21, United States Code, Section 841(b)(1)(A), in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT TWO
(Money Laundering Conspiracy)

10.      In or about and between January 2016 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants MOELEEK HARRELL, DERRICK AYERS, BERMON CLARKE, ANTHONY KENNEDY, MICHAEL PEREZ and AMANDA WALTON, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a) and 846, knowing that the property to be involved in such transactions represented the proceeds of some form of unlawful activity and (a) with the intent to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i); (b) knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and (c) to avoid one or more transaction reporting requirements under Federal law, to wit: Title 31, United States Code, Section 5313(a), contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii), in violation of Title 18, United States Code, Section 1956(h).

RACKETEERING ACT THREE
(State Law Arson)

11.     On or about August 21, 2017, within the District of Maine and elsewhere, the defendant BERMON CLARKE, together with others, did knowingly and intentionally start, cause and maintain a fire and explosion on the property of another person with the intent to damage and destroy property thereon, which fire and explosion recklessly endangered one or more persons , to wit: John Doe #1 and Jane Doe #1, individuals whose identities are known to the Grand Jury, and the property of said persons, in violation of Maine Criminal Code Sections 802(1)(A) and 802(1)(B)(2).

RACKETEERING ACT FOUR
(Murder Conspiracy/Attempted Murder – John Doe #2)

12.     The defendant MOELEEK HARRELL committed the following acts, and the defendant DERRICK AYERS committed the first of the following acts, either one of which alone constitutes Racketeering Act Four:

A.     Conspiracy to Murder

13.     In or about and between September 2017 and June 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL and DERRICK AYERS, together with others, did knowingly and intentionally conspire to cause the death of John Doe #2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

14.     In furtherance of the conspiracy, and to effect its objects, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL and DERRICK AYERS, together with others, did commit and cause to be committed, among others, the following:

Overt Acts

(a)     On or about September 30, 2017, AYERS sent a text message to HARRELL containing the license plate number of a vehicle used by John Doe #2.

(b)     On or about October 1, 2017, HARRELL sent a text message to AYERS containing a picture of a vehicle with a license plate matching the number AYERS had sent.

(c)     On or about June 27, 2018, AYERS created a note in his cellular telephone reflecting the license plate number of a vehicle used by John Doe #2.

B.    Attempted Murder

15.    On or about June 27, 2018, within the Eastern District of New York and elsewhere, the defendant MOELEEK HARRELL, together with others, with intent to cause the death of John Doe #2, did knowingly and intentionally attempt to cause the death of John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT FIVE
(Murder Conspiracy – John Doe #3)

16.    In or about and between September 2017 and October 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL and DERRICK AYERS, together with others, did knowingly and intentionally conspire to cause the death of John Doe #3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1) and 105.15.

17.    In furtherance of the conspiracy, and to effect its objects, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL and DERRICK AYERS, together with others, did commit and cause to be committed, among others, the following:

Overt Acts

(a)    On or about September 18, 2017, AYERS sent a text message to HARRELL containing a hyperlink to the New York State criminal case look-up website.

(b)    On or about September 19, 2017, HARRELL sent a text message to AYERS containing a photograph of John Doe #3 and others.

(c)    On or about September 27, 2017, AYERS sent a text message to HARRELL containing a screen shot of a map depicting a location in Queens, New York.

## RACKETEERING ACT SIX
### (Murder – Jonathan Jackson)

18.     On or about March 3, 2018, within the Eastern District of New York and elsewhere, the defendant DERRICK AYERS, together with others, with the intent to cause the death of Jonathan Jackson, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT SEVEN
### (Possession of Narcotics With Intent to Distribute)

19.     In or about and between August 2019 and October 2019, both dates being approximate and inclusive, within the District of Maine, the defendant MICHAEL PEREZ, together with others, did knowingly and intentionally possess with intent to distribute one or more controlled substances, which offense involved a substance containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## RACKETEERING ACT EIGHT
### (Narcotics Trafficking Conspiracy/Money Laundering Conspiracy)

20.     The defendants MOELEEK HARRELL and ANTHONY KENNEDY committed the following acts, either one of which alone constitutes Racketeering Act Eight:

A.      Narcotics Trafficking Conspiracy

21.     In or about and between June 2019 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL and ANTHONY KENNEDY, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cannabinoids and synthetic cannabinoids, Schedule I controlled substances, contrary to Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

B.    Money Laundering Conspiracy

22.    In or about and between June 2019 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL and ANTHONY KENNEDY, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: interstate and foreign transfers of funds, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking and narcotics trafficking conspiracy, in violation of Title 21, United States Code, Section 841(a) and 846, respectively, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i), in violation of Title 18, United States Code, Section 1956(h).

RACKETEERING ACT NINE
(Murder Conspiracy/Murder – Paul Hoilett)

23.    The defendant FRANKLIN GILLESPIE committed the following acts, either one of which alone constitutes Racketeering Act Nine:

A.    Conspiracy to Murder

24.    In or about April 2020, within the Eastern District of New York and elsewhere, the defendant FRANKLIN GILLESPIE, together with others, did knowingly and intentionally conspire to cause the death of Paul Hoilett, in violation of New York Penal Law Sections 125.25(1) and 105.15.

25.    In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant FRANKLIN GILLESPIE, together with others, did commit and cause to be committed, among others, the following:

Overt Acts

(a)     On or about April 11, 2020, GILLESPIE sent text messages indicating that he wanted to "move" "before [it gets] too dark."

(b)     On or about April 11, 2020, GILLESPIE traveled from New Jersey to Brooklyn, New York.

(c)     On or about April 11, 2020, GILLESPIE shot Paul Hoilett in the back of the head.

B.     Murder

26.     On or about April 11, 2020, within the Eastern District of New York and elsewhere, the defendant FRANKLIN GILLESPIE, together with others, with intent to cause the death of Paul Hoilett, did knowingly and intentionally cause the death of Paul Hoilett, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT TEN
(Murder Conspiracy/Murder – Mike Hawley)

27.     The defendants FRANKLIN GILLESPIE and ANTHONY KENNEDY committed the following acts, either one of which alone constitutes Racketeering Act Ten:

A.     Conspiracy to Murder

28.     In or about April 2020, within the Eastern District of New York and elsewhere, the defendants FRANKLIN GILLESPIE and ANTHONY KENNEDY, together with others, did knowingly and intentionally conspire to cause the death of Mike Hawley, in violation of New York Penal Law Sections 125.25(1) and 105.15.

29.     In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants FRANKLIN GILLESPIE and

ANTHONY KENNEDY, together with others, did commit and cause to be committed, among others, the following:

Overt Acts

(a)    On or about April 15, 2020, GILLESPIE called Mike Hawley's cellular telephone.

(b)    On or about April 15, 2020, GILLESPIE and KENNEDY drove from New Jersey to Staten Island, New York, and then to Far Rockaway, New York.

(c)    On or about April 15, 2020, GILLESPIE and KENNEDY changed the license plates on the vehicle used to drive to Far Rockaway, New York.

(d)    On or about April 15, 2020, in Far Rockaway, New York, GILLESPIE shot Mike Hawley.

B.    Murder

30.    On or about April 15, 2020, within the Eastern District of New York and elsewhere, the defendants FRANKLIN GILLESPIE and ANTHONY KENNEDY, together with others, with intent to cause the death of Mike Hawley, did knowingly and intentionally cause the death of Mike Hawley, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT ELEVEN<br>(State Law Bribery)

31.    In or about and between April 2020 and May 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL and ANTHONY KENNEDY, together with others, did knowingly and intentionally confer, and offer and agree to confer, one or more benefits upon a public servant upon an agreement and understanding that such public servant's judgment, action,

decision and exercise of discretion as a public servant would thereby be influenced, in violation of New York Penal Law Section 200.00.

## RACKETEERING ACT TWELVE
### (State Law Bribery)

32.    In or about May 2020, within the Eastern District of New York and elsewhere, the defendant MOELEEK HARRELL, together with others, did knowingly and intentionally confer, and offer and agree to confer, one or more benefits upon a public servant upon an agreement and understanding that such public servant's judgment, action, decision and exercise of discretion as a public servant would thereby be influenced, in violation of New York Penal Law Section 200.00.

## RACKETEERING ACT THIRTEEN
### (Possession of Narcotics With Intent to Distribute)

33.    In or about June 2020, within the District of New Jersey and elsewhere, the defendants DERRICK AYERS, BERMON CLARKE, FRANKLIN GILLESPIE and ANTHONY KENNEDY, together with others, did knowingly and intentionally possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

## RACKETEERING ACT FOURTEEN
### (Attempted Murder – John Doe #4)

34.    On or about July 18, 2020, within the Eastern District of New York and elsewhere, the defendant DEMETRIUS JOHNSON, together with others, with intent to cause the death of John Doe #4, an individual whose identity is known to the Grand Jury, did knowingly and intentionally attempt to cause the death of John Doe #4, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

### RACKETEERING ACT FIFTEEN
(State Law Robbery – John Does #5-7)

35.     On or about August 24, 2020, within the Southern District of New York
and elsewhere, the defendant FRANKLIN GILLESPIE, together with others, did knowingly and
intentionally forcibly steal property by robbery, to wit: jewelry, electronics, United States
currency and personal effects from John Doe #5, John Doe #6 and John Doe #7, individuals
whose identities are known to the Grand Jury, while aided by one or more persons actually
present, and, in the course of the commission of the crime and of immediate flight therefrom,
displayed what appeared to be a firearm, in violation of New York Penal Law Sections
160.10(1), 160.10(2) and 20.00.

### RACKETEERING ACT SIXTEEN
(State Law Robbery Conspiracy/Robbery – John Does #8-10)

36.     On or about August 25, 2020, within the Southern District of New York
and elsewhere, the defendants FRANKLIN GILLESPIE and LATRELL JOHNSON, together
with others, did knowingly and intentionally forcibly steal property by robbery, to wit: clothing,
accessories and United States currency from John Doe #8, John Doe #9 and John Doe #10,
individuals whose identities are known to the Grand Jury, while aided by one or more persons
actually present, and, in the course of the commission of the crime and of immediate flight
therefrom, displayed what appeared to be a firearm, in violation of New York Penal Law
Sections 160.10(1), 160.10(2) and 20.00.

### RACKETEERING ACT SEVENTEEN
(Extortion Conspiracy/Threatening Physical Violence in
Furtherance of a Plan to Extort – John Doe #11)

37.     The defendant LATRELL JOHNSON committed the following acts, either
one of which alone constitutes Racketeering Act Seventeen:

A.      Extortion Conspiracy

38.     In or about any between November 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others agreed to obtain property, to wit: proceeds from a convenience store in Brooklyn, New York, from John Doe #11, an individual whose identity is known to the Grand Jury, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

B.      Threatening Physical Violence in Furtherance of a Plan to Extort

39.     In or about and between November 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, together with others, did knowingly and intentionally threaten physical violence to John Doe #11 in furtherance of a plan and purpose to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, to wit: a plan and purpose to obtain proceeds of a convenience store in Brooklyn, New York, from John Doe #11, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Sections 1951(a) and 2.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Possess With Intent to Distribute Narcotics)

40.     In or about and between January 2016 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," DERRICK AYERS, also known as "Dee" and "Mel," TYRONE BANKS, also known as "Ty Hitta," JANET BLOOD, TIRI BROWN, also known as "Tyhoe," BERMON CLARKE, also known as "G" and "Blue," MIKE GUSTAVO CONNOR, also known as "Gus," RONALD DAVIS, also known as "Ronno," CHRISTINA ESTEVEZ, COURTNEY FOSTER, also known as "Biga," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," ROMEO GONZALES, AVERY GOODLUCK, also known as "Ave," KEON GRANT, also known as "Keys," ROBERT HOLT, also known as "Ghost," AMANDA HUARD, DEMETRIUS JOHNSON, also known as "Q," ANTHONY KENNEDY, also known as "Biggie," MICHAEL PEREZ, also known as "White Mike," JOELLE POCHE, also known as "Rico," AMANDA WALTON, also known as "A," and DANIELLE WHITE, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; (b) a substance containing heroin, a Schedule I controlled substance; and (c) a substance containing fentanyl, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine and heroin involved in the conspiracy attributable to HARRELL, AYERS, CLARKE, GILLESPIE, GRANT, HUARD, DEMETRIUS JOHNSON, KENNEDY and WALTON, as a result of their own conduct, and the conduct of other

18

conspirators reasonably foreseeable to them, was five kilograms or more of a substance containing cocaine and one kilogram or more of a substance containing heroin.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(i), 841(b)(1)(A)(iii) and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

COUNT THREE
(Unlawful Possession, Brandishing and Discharge of Firearms)

41.    In or about and between January 2016 and September 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, on occasions other than those described in Counts Twelve, Thirteen, Fourteen, Sixteen, Twenty-Four, Twenty-Five, Twenty-Six, Twenty-Seven, Thirty-Seven, Thirty-Eight and Forty-Three of this Superseding Indictment, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G" and "Blue," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," AVERY GOODLUCK, also known as "Ave," LATRELL JOHNSON, also known as "Barlie Buckz," and ANTHONY KENNEDY, also known as "Biggie," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence and one or more drug trafficking crimes, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence and drug trafficking crimes, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FOUR
(Money Laundering Conspiracy)

42.    In or about and between January 2016 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G" and "Blue," CHRISTINA ESTEVEZ, MICHAEL PEREZ, also known as "White Mike," and AMANDA WALTON, also known as "A," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, to wit: the transfer and delivery of United States currency, which transactions in fact involved the proceeds of specified unlawful activity, to wit: narcotics trafficking, in violation of Title 21, United States Code, Sections 841(a) and 846, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity and (a) with the intent to promote the carrying on of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i); (b) knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and (c) to avoid one or more transaction reporting requirements under Federal law, to wit: Title 31, United States Code, Section 5313(a), contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT FIVE
(Arson Conspiracy)

43.    On or about August 21, 2017, within the District of Maine and elsewhere, the defendants BERMON CLARKE, also known as "G" and "Blue," and AMANDA HUARD, together with others, did knowingly, intentionally and maliciously conspire to damage and destroy, by means of fire and an explosive, a building and vehicle used in interstate commerce and in an activity affecting interstate commerce, contrary to Title 18, United States Code, Section 844(i).

(Title 18, United States Code, Sections 844(n) and 3551 et seq.)

## COUNT SIX
(Arson)

44.    On or about August 21, 2017, within the District of Maine, the defendant BERMON CLARKE, also known as "G" and "Blue," together with others, did knowingly, intentionally and maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a building and vehicle used in interstate commerce and in an activity affecting interstate commerce.

(Title 18, United States Code, Sections 844(i), 2 and 3551 et seq.)

## COUNT SEVEN
(Using Fire to Commit a Felony)

45.    On or about August 21, 2017, within the District of Maine, the defendant BERMON CLARKE, also known as "G" and "Blue," together with others, did knowingly and

intentionally use fire to commit one or more felonies which may be prosecuted in a court of the United States, to wit: the crimes charged in Counts One and Two.

(Title 18, United States Code, Sections 844(h), 2 and 3551 et seq.)

### COUNT EIGHT
(Firearms Trafficking)

46.     In or about August 2017, within the District of Maine, the defendants BERMON CLARKE, also known as "G" and "Blue," and AMANDA HUARD, together with others, not being licensed importers, licensed manufacturers, licensed dealers or licensed collectors of firearms, did knowingly and willfully transfer, sell, trade, give, transport and deliver one or more firearms to one or more persons other than licensed importers, licensed manufacturers, licensed dealers or licensed collectors, knowing and having reasonable cause to believe that such persons did not reside in Maine, the state in which HUARD resided.

(Title 18, United States Code, Sections 922(a)(5), 924(a)(1)(D), 2 and 3551 et seq.)

### COUNT NINE
(Conspiracy to Commit Murder In-Aid-Of Racketeering – John Doe #3)

47.     The allegations contained in paragraphs one through six are realleged and incorporated as if fully set forth in this paragraph.

48.     At all times relevant to this Superseding Indictment, the Bully Gang, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, (a) acts involving murder in violation of New York State Penal Law Sections 125.25, 110.00, 105.15 and 20.00; (b) offenses involving dealing in controlled substances in violation of Title 21, United States Code, Sections 841, 856 and 846; and (c) acts indictable under Title 18, United States Code, Sections 1956 and

1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity).

49.    In or about and between September 2017 and October 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," and DERRICK AYERS, also known as "Dee" and "Mel," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the Bully Gang, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more individuals, to wit: John Doe #3, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TEN
(Conspiracy to Commit Murder In-Aid-Of Racketeering – Members of the Stukes Crew)

50.    The allegations contained in paragraphs one through six and 48 are realleged and incorporated as if fully set forth in this paragraph.

51.    In or about and between September 2017 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," and DERRICK AYERS, also known as "Dee" and "Mel," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the Bully Gang, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more

individuals, to wit: members of the rival "Stukes Crew," in violation of New York Penal Law

Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT ELEVEN
(Assault In-Aid-Of Racketeering – John Doe #3 and Jane Doe #2)

52.    The allegations contained in paragraphs one through six and 48 are

realleged and incorporated as if fully set forth in this paragraph.

53.    On or about October 1, 2017, within the Eastern District of New York and

elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money,"

and DERRICK AYERS, also known as "Dee" and "Mel," together with others, for the purpose

of gaining entrance to, and maintaining and increasing position in, the Bully Gang, an enterprise

engaged in racketeering activity, did knowingly and intentionally assault with a dangerous

weapon John Doe #3 and Jane Doe #2, in violation of New York Penal Law Sections 120.05(2)

and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT TWELVE
(Unlawful Possession, Brandishing and Discharge of a Firearm)

54.    On or about October 1, 2017, within the Eastern District of New York and

elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money,"

and DERRICK AYERS, also known as "Dee" and "Mel," together with others, did knowingly

and intentionally use and carry one or more firearms during and in relation to a crime of

violence, to wit: the crime charged in Count Eleven, and did knowingly and intentionally possess

such firearms in furtherance of said crime of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT THIRTEEN
(Unlawful Possession, Brandishing and Discharge of a Firearm)

55.     On or about March 3, 2018, within the Eastern District of New York and elsewhere, the defendant DERRICK AYERS, also known as "Dee" and "Mel," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence and one or more drug trafficking crimes, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence and drug trafficking crimes, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT FOURTEEN
(Causing the Death of Jonathan Jackson Through the Use of a Firearm)

56.     On or about March 3, 2018, within the Eastern District of New York and elsewhere, the defendant DERRICK AYERS, also known as "Dee" and "Mel," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Thirteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Jonathan Jackson willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Assault In-Aid-Of Racketeering – John Doe #2 and Jane Doe #3)

57.     The allegations contained in paragraphs one through six and 48 are realleged and incorporated as if fully set forth in this paragraph.

58.     On or about June 27, 2018, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," and DERRICK AYERS, also known as "Dee" and "Mel," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the Bully Gang, an enterprise engaged in racketeering activity, did knowingly and intentionally assault with a dangerous weapon John Doe #2 and Jane Doe #3, individuals whose identities are known to the Grand Jury, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Unlawful Possession, Brandishing and Discharge of a Firearm)

59.     On or about June 27, 2018, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," and DERRICK AYERS, also known as "Dee" and "Mel," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Fifteen, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Maintaining a Stash House – 2 Woodpecker Drive, Troy, Maine)

60.    In or about and between July 2019 and June 2020, both dates being approximate and inclusive, within the District of Maine and elsewhere, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G" and "Blue," and AMANDA WALTON, also known as "A," together with others, did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 2 Woodpecker Drive, Troy, Maine (the "Troy Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Troy Stash House as a lessee, agent and occupant and make the Troy Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more controlled substances, which offense involved (i) a substance containing cocaine base, a Schedule II controlled substance, and (ii) a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Firearms Trafficking)

61.    In or about August 2019, within the District of Maine and elsewhere, the defendants BERMON CLARKE, also known as "G" and "Blue," and KEON GRANT, also known as "Keys," together with others, not being licensed importers, licensed manufacturers, licensed dealers or licensed collectors of firearms, did knowingly and willfully aid and abet one or more individuals whose identities are known to the Grand Jury (the "Purchasers") to transfer, sell, trade, give, transport and deliver one or more firearms to one or more persons other than licensed importers, licensed manufacturers, licensed dealers or licensed collectors, knowing and

having reasonable cause to believe that such persons did not reside in Maine, the state in which the Purchasers resided.

(Title 18, United States Code, Sections 922(a)(5), 924(a)(1)(D), 2 and 3551 et seq.)

## COUNT NINETEEN
(Conspiracy to Distribute and Possess
With Intent to Distribute Controlled Substances)

62.    In or about and between June 2019 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," JOHNNY CHILES, NEHEMIE ERIL, also known as "Poca," PAUL HARRIS, also known as "Baldhead," and ANTHONY KENNEDY, also known as "Biggie," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved substances containing synthetic cannabinoids and cannabinoids, Schedule I controlled substances, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWENTY
(Money Laundering Conspiracy)

63.    In or about and between June 2019 and June 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants MOELEEK HARRELL, also known as "Moelek" and "Moe Money," NEHEMIE ERIL, also known as "Poca," PAUL HARRIS, also known as "Baldhead," and ANTHONY KENNEDY, also known as "Biggie," together with others, did knowingly and intentionally

conspire to conduct one or more financial transactions in and affecting interstate and foreign

commerce, to wit: interstate and foreign transfers of funds, which transactions in fact involved

the proceeds of specified unlawful activity, to wit: narcotics trafficking and narcotics trafficking

conspiracy, in violation of Title 21, United States Code, Sections 841(a) and 846, respectively,

knowing that the property involved in the financial transactions represented the proceeds of some

form of unlawful activity, with the intent to promote the carrying on of specified unlawful

activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWENTY-ONE
### (Firearms Trafficking)

64.    In or about October 2019, within the District of Maine and elsewhere, the

defendants JANET BLOOD and BERMON CLARKE, also known as "G" and "Blue," together

with others, not being licensed importers, licensed manufacturers, licensed dealers or licensed

collectors of firearms, did knowingly and willfully transfer, sell, trade, give, transport and deliver

one or more firearms to one or more persons other than licensed importers, licensed

manufacturers, licensed dealers or licensed collectors, knowing and having reasonable cause to

believe that such persons did not reside in Maine, the state in which BLOOD resided.

(Title 18, United States Code, Sections 922(a)(5), 924(a)(1)(D), 2 and 3551 et

seq.)

## COUNT TWENTY-TWO
### (Maintaining a Stash House – 7 Center Road, Searsport, Maine)

65.    In or about November 2019, within the District of Maine and elsewhere,

the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also

known as "G" and "Blue," and AMANDA WALTON, also known as "A," together with others,

did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 7 Center Road, Searsport, Maine (the "Searsport Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Searsport Stash House as a lessee, agent and occupant and make the Searsport Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more controlled substances, which offense involved (i) a substance containing cocaine base, a Schedule II controlled substance, and (ii) a substance containing heroin, a Schedule I controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-THREE
(Maintaining a Stash House – 101 Roosevelt Avenue, Apartment 214, Carteret, New Jersey)

66.    In or about and between January 2020 and June 2020, both dates being approximate and inclusive, within the District of New Jersey and elsewhere, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G" and "Blue," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," and ANTHONY KENNEDY, also known as "Biggie," together with others, did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 101 Roosevelt Avenue, Apartment 214, Carteret, New Jersey (the "Carteret Stash House"), for the purpose of manufacturing, distributing and using one or more controlled substances, and (b) manage and control the Carteret Stash House as a lessee, agent and occupant and make the Carteret Stash House available for use for the purpose of unlawfully manufacturing, storing, distributing and using one or more controlled substances, which offense involved (i) a substance containing cocaine base, a

Schedule II controlled substance, (ii) a substance containing heroin, a Schedule I controlled substance, and (iii) a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-FOUR<br>(Unlawful Possession, Brandishing and Discharge of a Firearm)

67.     On or about April 11, 2020, within the Eastern District of New York and elsewhere, the defendant FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence and one or more drug trafficking crimes, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence and drug trafficking crimes, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT TWENTY-FIVE<br>(Causing the Death of Paul Hoilett Through the Use of a Firearm)

68.     On or about April 11, 2020, within the Eastern District of New York and elsewhere, the defendant FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty-Four, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice

aforethought, did unlawfully kill Paul Hoilett willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT TWENTY-SIX
(Unlawful Possession, Brandishing and Discharge of a Firearm)

69.     On or about April 15, 2020, within the Eastern District of New York and elsewhere, the defendants FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," and ANTHONY KENNEDY, also known as "Biggie," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence and one or more drug trafficking crimes, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence and drug trafficking crimes, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT TWENTY-SEVEN
(Causing the Death of Mike Hawley Through the Use of a Firearm)

70.     On or about April 15, 2020, within the Eastern District of New York and elsewhere, the defendants FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," and ANTHONY KENNEDY, also known as "Biggie," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty-Six, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, together with others, with malice aforethought, did unlawfully kill Mike Hawley willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT TWENTY-EIGHT
(Maintaining a Stash House – 9 Bings Boulevard, Swanville, Maine)

71.    In or about and between May 2020 and June 2020, both dates being
approximate and inclusive, within the District of Maine and elsewhere, the defendants
DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G"
and "Blue," ROMEO GONZALES, AMANDA WALTON, also known as "A," and DANIELLE
WHITE, together with others, did knowingly and intentionally (a) lease, rent, use and maintain a
place, to wit: 9 Bings Boulevard, Swanville, Maine (the "Swanville Stash House"), for the
purpose of manufacturing, distributing and using one or more controlled substances, and (b)
manage and control the Swanville Stash House as a lessee, agent and occupant and make the
Swanville Stash House available for use for the purpose of unlawfully manufacturing, storing,
distributing and using one or more controlled substances, which offense involved (i) a substance
containing cocaine base, a Schedule II controlled substance, (ii) a substance containing heroin, a
Schedule I controlled substance, and (iii) a substance containing fentanyl, a Schedule II
controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States
Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-NINE
(Maintaining a Stash House – 1189 Horseback Road, Levant, Maine)

72.    In or about and between May 2020 and June 2020, both dates being
approximate and inclusive, within the District of Maine and elsewhere, the defendants
DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G"
and "Blue," and AMANDA WALTON, also known as "A," together with others, did knowingly
and intentionally (a) lease, rent, use and maintain a place, to wit: 1189 Horseback Road, Levant,

Maine (the "Levant Stash House"), for the purpose of manufacturing, distributing and using one

or more controlled substances, and (b) manage and control the Levant Stash House as a lessee,

agent and occupant and make the Levant Stash House available for use for the purpose of

unlawfully manufacturing, storing, distributing and using one or more controlled substances,

which offense involved (i) a substance containing cocaine base, a Schedule II controlled

substance, (ii) a substance containing heroin, a Schedule I controlled substance, and (iii) a

substance containing fentanyl, a Schedule II controlled substance.

> (Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States
> Code, Sections 2 and 3551 et seq.)

## COUNT THIRTY
(Maintaining a Stash House – 93 Troy Road, Detroit, Maine)

73.    In or about June 2020, within the District of Maine and elsewhere, the

defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also

known as "G" and "Blue," and AMANDA WALTON, also known as "A," together with others,

did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 93 Troy Road,

Detroit, Maine (the "Detroit Stash House"), for the purpose of manufacturing, distributing and

using one or more controlled substances, and (b) manage and control the Detroit Stash House as

a lessee, agent and occupant and make the Detroit Stash House available for use for the purpose

of unlawfully manufacturing, storing, distributing and using one or more controlled substances,

which offense involved (i) a substance containing cocaine base, a Schedule II controlled

substance, (ii) a substance containing heroin, a Schedule I controlled substance, and (iii) a

substance containing fentanyl, a Schedule II controlled substance.

> (Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States
> Code, Sections 2 and 3551 et seq.)

## COUNT THIRTY-ONE
(Maintaining a Stash House – 576 Corinth Road, Garland, Maine)

74.     In or about June 2020, within the District of Maine and elsewhere, the

defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also

known as "G" and "Blue," and AMANDA WALTON, also known as "A," together with others,

did knowingly and intentionally (a) lease, rent, use and maintain a place, to wit: 576 Corinth

Road, Garland, Maine (the "Garland Stash House"), for the purpose of manufacturing,

distributing and using one or more controlled substances, and (b) manage and control the

Garland Stash House as a lessee, agent and occupant and make the Garland Stash House

available for use for the purpose of unlawfully manufacturing, storing, distributing and using one

or more controlled substances, which offense involved (i) a substance containing cocaine base, a

Schedule II controlled substance, (ii) a substance containing heroin, a Schedule I controlled

substance, and (iii) a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 856(a) and 856(b); Title 18, United States

Code, Sections 2 and 3551 et seq.)

## COUNT THIRTY-TWO
(Possession of Cocaine and Fentanyl With Intent to Distribute)

75.     In or about June 2020, within the District of New Jersey and elsewhere,

the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also

known as "G" and "Blue," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie

Gino," and ANTHONY KENNEDY, also known as "Biggie," together with others, did

knowingly and intentionally possess with intent to distribute a controlled substance, which

offense involved (i) five kilograms or more of a substance containing cocaine, a Schedule II

controlled substance, and (ii) 400 grams or more of a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii) and 841(b)(1)(A)(vi); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THIRTY-THREE
(Possession of Cocaine Base, Heroin and Fentanyl With Intent to Distribute)

76.    In or about June 2020, within the District of Maine and elsewhere, the defendants ROMEO GONZALES and DANIELLE WHITE, together with others, did knowingly and intentionally possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine base, a Schedule II controlled substance; (b) a substance containing heroin, a Schedule I controlled substance; and (c) a substance containing fentanyl, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THIRTY-FOUR
(Felon in Possession of Firearms)

77.    On or about June 25, 2020, within the District of New Jersey and elsewhere, the defendant DERRICK AYERS, also known as "Dee" and "Mel," together with others, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: (a) one .22 caliber Taurus Model PT-22 pistol bearing serial number AQL76952; (b) one nine-millimeter Glock Model 43

pistol bearing serial number BCGF546; and (c) one .45 caliber Springfield Armory Model XDS pistol bearing serial number S3198690.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 2 and 3551 et seq.)

## COUNT THIRTY-FIVE
(Felon in Possession of Firearms)

78.     On or about June 25, 2020, within the District of New Jersey and elsewhere, the defendant ANTHONY KENNEDY, also known as "Biggie," together with others, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a .40-caliber Smith & Wesson semi-automatic pistol bearing serial number HXR1594.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 2 and 3551 et seq.)

## COUNT THIRTY-SIX
(Unlawful Possession of Firearms)

79.     On or about June 25, 2020, within the Eastern District of New York and elsewhere, the defendants DERRICK AYERS, also known as "Dee" and "Mel," BERMON CLARKE, also known as "G" and "Blue," FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," and ANTHONY KENNEDY, also known as "Biggie," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence and one or more drug trafficking crimes, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crimes and crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

## COUNT THIRTY-SEVEN
(Unlawful Possession, Brandishing and Discharge of a Firearm)

80.     On or about July 18, 2020, within the Eastern District of New York and elsewhere, the defendant DEMETRIUS JOHNSON, also known as "Q," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence and one or more drug trafficking crimes, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence and drug trafficking crimes, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT THIRTY-EIGHT
(Felon in Possession of Firearms)

81.     On or about September 3, 2020, within the Eastern District of New York and elsewhere, the defendant FRANKLIN GILLESPIE, also known as "Spazz" and "Frankie Gino," together with others, knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess in and affecting commerce one or more firearms, to wit: (a) one nine-millimeter Hi-Point Model C9 semi-automatic pistol bearing serial number P1335925, (b) one nine-millimeter semi-automatic pistol bearing serial number BGPX376, and (c) one nine-millimeter MasterPiece Arms pistol bearing serial number F10659.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), 2 and 3551 et seq.)

## COUNT THIRTY-NINE
(Extortion Conspiracy)

82.     In or about and between November 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, also known as "Barlie Buckz," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others agreed to obtain property, to wit: proceeds from a convenience store in Brooklyn, New York, from John Doe #11, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT FORTY
(Extortion)

83.     In or about and between November 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, also known as "Barlie Buckz," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendant and others obtained property, to wit: proceeds from a convenience store in Brooklyn, New York, from John Doe #11, with his consent, which consent was induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT FORTY-ONE
(Threatened Physical Violence in Furtherance of a Plan to Extort John Doe #11)

84.    In or about and between November 2020 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, also known as "Barlie Buckz," together with others, did knowingly and intentionally threaten physical violence to John Doe #11 in furtherance of a plan and purpose to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, to wit: a plan and purpose to obtain proceeds from a convenience store in Brooklyn, New York, from John Doe #11, with his consent, which consent was to be induced by wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT FORTY-TWO
(Unlawful Possession, Brandishing and Discharge of a Firearm)

85.    On or about November 12, 2020, within the Eastern District of New York and elsewhere, the defendant LATRELL JOHNSON, also known as "Barlie Buckz," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Forty-One, and did knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT FORTY-THREE
(Commission of Felony While on Pre-Trial Release)

86.    In or about February 2021, within the Eastern District of New York and elsewhere, the defendant PAUL HARRIS, also known as "Baldhead," did knowingly and

intentionally commit a felony, to wit: the crime charged in Count Nineteen, knowing that he was on release pursuant to Title 18, United States Code, Sections 3141 et seq., in the matter of United States v. Moeleek Harrell, et al., Criminal Docket No. 20-240 (CBA), in the United States District Court for the Eastern District of New York.

(Title 18, United States Code, Sections 3147(1) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE

87.     The United States hereby gives notice to the defendants charged in Count One that, upon their conviction of the offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offense to forfeit: (a) any interest the person acquired or maintained in violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, including but not limited to:

(i)     One white 2018 Volvo S90 bearing Vehicle Identification Number ("VIN") LVYBC0AL6JP027634, seized on or about June 25, 2020, in Vernon, Connecticut (the "2018 Volvo");

(ii)    One gray 2020 Hyundai Sonata bearing VIN 5NPEH4J27LH005502, seized on or about June 25, 2020, in Fairfield, New Jersey (the "2020 Hyundai");

(iii)   One black 2015 Subaru Outback bearing VIN 4S4BSALC8F3320457, seized on or about June 25, 2020, in Portland, Maine;

(iv)    One 2014 Kia Cadenza bearing VIN KNALN4D77E5152930, seized on or about November 21, 2017, in New York, New York;

(v)    One silver and rose gold Rolex, Oyster Perpetual, Date Just wristwatch, seized on or about June 25, 2020, from a Mercedes E300 sedan in New York, New York;

(vi)    One gold Rolex, Oyster Perpetual, Day Date wrist watch, seized on or about June 25, 2020, in Fairfield, New Jersey;

(vii)    One diamond encrusted Audemars Piguet, Royal Oak, No. 5951 E95125 wristwatch with display case, seized on or about June 25, 2020, from an apartment in Rahway, New Jersey;

(viii)    One rose gold Rolex, Oyster Perpetual, Sky-Dweller wristwatch model number 326935 bearing serial number 895CQ545 and display case, seized on or about June 25, 2020, from an apartment in Rahway, New Jersey;

(ix)    One rose gold diamond-encrusted chain link necklace, seized on or about June 25, 2020, from an apartment in Rahway, New Jersey;

(x)    One 18K Yellow Gold 26" "Tennis" Necklace and One 14K Yellow Gold 2 ¼" Medallion "NJ Devils" Symbol seized on or about June 25, 2020 from Carteret, New Jersey;

(xi)    Approximately $1,885 in U.S. currency, seized on or about June 25, 2020, from Portland, Maine;

(xii)    Approximately $2,450 in U.S. currency, seized on or about June 25, 2020, from the Garland Stash House (items (i) to (xii) are hereinafter collectively referred to as the "Seized Property");

(xiii)    One (1) Marlin Firearms Company Model 25, .22 caliber rifle, bearing serial number 27410240 seized on or about June 25, 2020, from the Garland Stash House;

(xiv)    One (1) Taurus International PT99AF.9mm caliber firearm bearing serial number TMA95288D seized on or about June 25, 2020, from the Garland Stash House;

(xv)    One (1) HiPoint JCP .40 caliber firearm bearing serial number X7267662 seized on or about June 25, 2020, from the Garland Stash House;

(xvi)    Twenty-five (25) rounds of Winchester-Western Ammunition seized on or about June 25, 2020, from the Garland Stash House;

(xvii)    Twenty-eight (28) rounds of assorted ammunition seized on or about June 25, 2020, from the Garland Stash House;

(xviii)    Thirty-three (33) 9mm caliber ammunition cartridges, seized on or about June 25, 2020 from the Garland Stash House;

(xix)    Two (2) .22 caliber ammunition magazines, seized on or about June 25, 2020 from the Garland Stash House;

(xx)    One (1) nine-millimeter Hi-Point Model C9 semi-automatic pistol bearing serial number P1335925, seized on or about September 3, 2020 from a white Pontiac G6 in Brooklyn, New York;

(xxi)    One (1) nine-millimeter semi-automatic pistol bearing serial number BGPX376, seized on or about September 3, 2020 from a white Pontiac G6 in Brooklyn, New York; and

(xxii)    One (1) nine-millimeter MasterPiece Arms pistol bearing serial number F10659, seized on or about September 3, 2020 from a white Pontiac G6 in Brooklyn, New York;

(xxiii)    One (1) nine-millimeter Ruger American Pistol bearing serial number 860-20048, seized on or about January 6, 2018 in Brooklyn, New York;

(xxiv)    Four (4) rounds of 9mm caliber Winchester-Western Ammunition seized on or about January 6, 2018 in Brooklyn, New York;

(xxv)    One (1) nine-millimeter Taurus International PT709 Slim, bearing serial number TJM48072, seized on or about November 30, 2020 inside of a vehicle recovered at the intersection of New York Ave and Fulton St, in Brooklyn, New York;

(xxvi)    Six (6) rounds of 9mm ammunition seized on or about November 30, 2020 inside of a vehicle recovered at the intersection of New York Ave and Fulton St, in Brooklyn, New York;

(xxvii)    One (1) nine-millimeter Walther PPL Pistol, bearing serial number K008830, seized on or about August 28, 2020 in Brooklyn, New York; and

(xxviii)    Four (4) rounds of .380 caliber ammunition seized on or about August 28, 2020 in Brooklyn, New York (items (xiii) to (xxviii) are hereinafter collectively referred to as the "Seized Firearms and Ammunition").

88.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO, SEVENTEEN, NINETEEN, TWENTY-TWO,
TWENTY-THREE, AND TWENTY-EIGHT THROUGH THIRTY-THREE

89.    The United States hereby gives notice to the defendants charged in Counts

Two, Seventeen, Nineteen, Twenty-Two, Twenty-Three, and Twenty-Eight through Thirty-

Three that, upon their conviction of any such offenses, the government will seek forfeiture in

accordance with Title 21, United States Code, Section 853(a), which requires any person

convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds

obtained directly or indirectly as a result of such offenses; and (b) any property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses,

including but not limited to the Seized Property and the Seized Firearms and Ammunition.

90.    If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any property of the defendants up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE, EIGHT, ELEVEN THROUGH SIXTEEN, EIGHTEEN,
TWENTY-ONE, TWENTY-FOUR THROUGH TWENTY-SEVEN,
THIRTY-FOUR THROUGH THIRTY-EIGHT, AND FORTY-TWO

91.    The United States hereby gives notice to the defendants charged in Counts

Three, Eight, Eleven through Sixteen, Eighteen, Twenty-One, Twenty-Four through Twenty-

Seven, Thirty-Four through Thirty-Eight, and Forty-Two that, upon their conviction of any such

offenses, the government will seek forfeiture in accordance with Title 18, United States Code,

Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture

of any firearm or ammunition involved in or used in any knowing violation of Title 18, United

States Code, Section 922 or Section 924, or any violation of any other criminal law of the United

States, including but not limited to the Seized Firearms and Ammunition.

92.    If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

    (Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FOUR AND TWENTY

    93.  The United States hereby gives notice to the defendants charged in Counts

Four and Twenty that, upon their conviction of either such offenses, the government will seek

forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any

person convicted of such offenses to forfeit any property, real or personal, involved in such

offenses, or any property traceable to such property, including but not limited to the Seized

Property.

    94.  If any of the above-described forfeitable property, as a result of any act or

omission of the defendants:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE THROUGH SEVEN

95.    The United States hereby gives notice to the defendants charged in Counts Five through Seven that, upon their conviction of such offenses, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 844(c)(1), which requires any person convicted of such offenses to forfeit any explosive materials involved or used or intended to be used in any violation of Title 18, United States Code, Section 844; and (b) Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses, to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

96.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 844(c)(1), 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THIRTY-NINE THROUGH FORTY-ONE

97.     The United States hereby gives notice to the defendant charged in Counts Thirty-Nine through Forty-One that, upon his conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

98.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Thomas A Paradis*

FOREPERSON

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.# 2018R00788
FORM DBD-34
JUN. 85

No. 20-CR-239 (S-8) (BMC)

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

MOELEEK HARRELL et al.,

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 844(c)(1), 844(h), 844(i), 844(n), 922(a)(5), 922(g)(1), 924(a)(1)(D), 924(a)(2), 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 924(j), 981(a)(1)(C), 982(a)(1), 982(a)(2), 982(b)(1), 1951(a), 1956(h), 1959(a)(3), 1959(a)(5), 1962(c), 1963(a), 1963(m), 3147(1), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), 841(b)(1)(A)(vi), 841(b)(1)(C), 846, 853(a), 853(p), 856(a) and 856(b); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____    *Thomas J Parades*
                                                                            *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                            *Clerk*

*Bail, $* _____

_____

**Drew G. Rolle, Nicholas J. Moscow, Lindsey R. Oken & Joy Lurinsky**
**Assistant U.S. Attorneys**