

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

DGR/LRO/JML/VAZ  
F. #2018R00788

*271 Cadman Plaza East*  
*Brooklyn, New York 11201*

April 7, 2024

By ECF and E-mail

The Honorable Brian M. Cogan  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:  United States v. Moeleek Harrell, et al.  
           Criminal Docket No. 20-239 (S-8) (BMC)

Dear Judge Cogan:

      The government respectfully submits this letter motion to preclude the defendants from arguing that alternative perpetrators committed the charged crimes in the absence of a sufficient nexus between those crimes and the purported alternative perpetrators.  Relatedly, the government moves to preclude the defendants from cross-examining government witnesses regarding any alternative perpetrator theory, and moves to strike defendant Gillespie's prior efforts to admit evidence of an alternative perpetrator without disclosing the intended purpose of that proof.

I.     Background

    A.    Evidence Related to the Hoilett and Hawley Murders

      As the Court is aware, defendant Franklin Gillespie is charged with committing two related murders in April 2020: the murder of Paul Hoilett on April 11, 2020, and the murder of Mike Hawley on April 15, 2020.  Defendant Anthony Kennedy is charged with the murder of Mike Hawley as well.

      The government intends to prove that Gillespie and Kennedy committed these murders through a variety of evidence.  This includes, but is not limited to: (1) cellsite for Gillespie, Kennedy, and Hawley showing them at the various locations associated with the murders; (2) LPR data and videos showing relevant cars traveling to and from the murders (and evidence showing that the cars are materially consistent with a car owned by Hawley and a Subaru used by the gang); (3) recorded phone calls from Rikers around the time of the murders;

and (4) phone records showing calls and messages between Gillespie, Kennedy, Hawley, and other co-conspirators.

    B.    Gillespie's "Alternative Perpetrator" Theory

On April 3, 2024, the government received a request from counsel for Gillespie styled as a demand for Brady material. The government understands that Gillespie intends to argue that two other individuals committed one or both of the April 2020 murders: Tiri Brown and/or Wade Villanueva (also known as "Lil Homie"). Gillespie has not made a proffer to the Court or the government regarding the nexus between these individuals and the charged murders. Rather, the government has gleaned that Gillespie's alternative perpetrator theory relies on the following: (1) Nia Govan recalled (incorrectly) that Villanueva was known as "Lil Bro" (one of Gillespie's nicknames) instead of "Lil Homie"; (2) Tiri Brown has previously worn a red sweatshirt and red sweatpants (the color of Gillespie's clothing when he committed the murders); and (3) during a 2022 proffer, Amanda Walton relayed hearsay statements to the government that Brown may have committed an unspecified and unknown murder.

II.    Applicable Law

A criminal defendant may not introduce evidence tending to show that another person committed the charged crime unless the defendant "shows a sufficient nexus between the crime charged and the asserted alternative perpetrator." United States v. Hendricks, 921 F.3d 320, 331 (2d Cir. 2019) (internal citations and alterations omitted). This limitation on alternative perpetrator evidence recognizes "the potential for speculation into theories of third-party culpability to open the door to tangential testimony [which] raises serious concerns." Id. For a defendant to demonstrate a sufficient nexus between the alternative perpetrator and the crime, the defendant must show more than "unsupported speculation that another person may have done the crime." Wade v. Mantello, 333 F.3d 51, 62 (2d Cir. 2003). Allowing a defendant to present an alternative perpetrator theory based solely on speculation "intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice." Id.

To demonstrate a sufficient nexus between an alternative perpetrator and a crime, a defendant must proffer facts and evidence that do more than tangentially link the alternative perpetrator to the crime. For example, in Hendricks, the Second Circuit held that a defendant had failed to show the required nexus to present evidence that his codefendant had committed the charged crime with the assistance of a third party despite: (1) evidence that the proposed alternate perpetrator was a close friend of the codefendant; (2) eye-witness testimony better fitting a description of the proposed perpetrator than the defendant; (3) records of telephone calls between the codefendant and the proposed perpetrator before and after the robbery in question; and (4) the codefendant's testimony that he went shopping with the proposed perpetrator after the robbery. Hendricks, 921 F.3d 320 at 331. The Hendricks court elaborated that the evidence presented by the defendant failed to create a sufficient nexus because it tended to prove only that the alternative perpetrator was aware of the robbery, not that he himself had participated in it rather than the defendant. Id.

Similarly, merely showing that the alternative perpetrator has a motive to commit the crime is not enough. Wade, 333 F.3d at 60-61. In Wade, the trial court had excluded

2

testimony that a homicide victim was a member of a gang and had been involved in both a general feud and a specific shootout with another gang shortly before his death, holding that these facts were irrelevant in the absence of evidence tying a specific third party to the killing. Id. at 54-55. The Second Circuit affirmed, holding, "[t]hat a third party may have borne animus towards the victim, standing alone, does little to establish that the third party committed the crime." Id. at 60 (citing United States v. Diaz, 176 F.3d 52, 82 (2d Cir. 1999) (finding that claim that court erroneously excluded evidence that murder victim had assaulted inmate while in jail, which suggested motive by a third party, "was creative conjecturing and the court properly exercised its discretion in excluding such speculative evidence")). Wade further held that even if the defendant had proffered evidence that an alternative perpetrator had both the motive and opportunity to commit the crime charged, a nexus could not exist without evidence connecting that alternative perpetrator to the specific crime in question. Id. (citing Dibenedetto v. Hall, 272 F.3d 1, 8 (1st Cir. 2001) ("Evidence that tends to prove a person other than the defendant committed a crime is relevant, but there must be evidence that there is a connection between the other perpetrators and the crime, not mere speculation on the part of the defendant.")); see also Willcock v. Martuscello, 2020 WL 2748031 3 (E.D.N.Y. 2020) (disallowing evidence that the defendant's twin brother had committed past stabbings because, "in order to introduce evidence of an unrelated stabbing to prove the existence of an alternative perpetrator, the modus operandi must be so unique as to conclude the same person did it").

The Second Circuit has also affirmed the exclusion of evidence showing that an alternative perpetrator was arrested for committing a similar crime to the one charged. See United States v. Wade, 512 F. App'x 11, 14 (2d Cir. 2013). In explaining why it affirmed the district court's exclusion of this evidence, the Second Circuit explained that testimony related to this arrest, "presented a risk of juror confusion and extended litigation of a collateral matter." Id.

III.  Discussion

Gillespie should be precluded from presenting evidence or arguments to the jury about alternative perpetrators without first establishing a sufficient nexus between these perpetrators and the alleged murders. Gillespie has not made this showing with respect to either Wade Villanueva or Tiri Brown.

Because the government has no information the claimed "nexus" between these individuals and the charged murders, it can only speculate as to Gillespie's purported evidence. With respect to Villanueva, it appears that Gillespie affirmatively elicited Nia Govan's belief that Villaneuva was called "Lil Bro" in an attempt to point to Villaneuva as the "Lil Bro" that Derrick Ayers stated was with "Biggie" (Kennedy) on the day of the Hawley murder. Even assuming that Villanueva's nickname was actually "Lil Bro"—and it was not[1]—his use of a generic

---

[1] The government's evidence, including text messages referencing Villanueva and witness testimony, indicates that Villanueva's nickname was actually "Lil Homie" and not "Lil Bro." But the accuracy of Villanueva's nickname is precisely the type of collateral issue that is irrelevant to this trial and invites jury speculation and confusion. Unnecessary litigation about this type of collateral issue is exactly why excluding evidence or arguments that Villanueva was the perpetrator of the murders is appropriate.

nickname, standing alone, is far from the "sufficient nexus" to the charged crime required in the Second Circuit. Gillespie has not made any showing that, for example, Villanueva was at or near the crime scene; that Villanueva was associated with the car used in the murder; or that Villanueva had any relationship with the murder victim, Mike Hawley.

Similarly, Gillespie has not made the required showing with respect to Tiri Brown. Once again, there is no evidence that Brown was present for either murder; that he was associated with the cars used at either murder; or that he communicated with either murder victim. Gillespie's only evidence of Brown's involvement seems to be (i) a photograph purportedly from 2019 showing Brown in red clothing, and (ii) an uncorroborated and inadmissible hearsay statement made to Walton that Brown committed a murder of an unspecified victim on an unknown date at an unknown location. A vague and inadmissible hearsay statement concerning an individual's alleged criminal history[2] falls far short of the showing required to advance an alternative perpetrator theory. Simply put, the evidence serves no relevant purpose and would serve only to waste time and cause juror confusion. See, e.g., Wade, 512 F. App'x at 14 (finding that evidence that a proposed alternative perpetrator had been arrested for a crime similar to the one at issue in the case was properly excluded because this evidence was likely to cause jury confusion).

Even if Gillespie could show the relevant nexus between Brown and either murder, he still should be precluded from cross-examining Amanda Walton about the rumor that Brown committed a murder. In the first instance, when offered by Gillespie, this rumor is hearsay without any exception. Although the Rule 801(d)(2)(E) allows the government to offer opposing party statements in the form of statements by a party's agent or conspirator, the defense cannot use this rulem to elicit the statements made to Amanda Walton, as none of these statements are statements attributable to the United States. Fed. R. Evid. 801(d)(2)(E).

More generally, the defendants should not be permitted to make their affirmative case through cross-examination outside the scope of direct. Fed. R. Evid. 611(b) ("Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility."). If the defendants wish to present an affirmative case, they should do so by calling witnesses and presenting admissible evidence after the government's case has concluded. Since Gillespie has already attempted to introduce evidence of his alternative perpetrator theory through his cross-examination of Nia Govan, the government moves to strike Gillespie exhibits 1 through 4 (photographs of Villanueva and Brown) as well as the related testimony elicited about these exhibits. In the alternative, should these exhibits and testimony remain in the record, the government moves to preclude Gillespie from attempting to use these exhibits and the related testimony to make any "alternate perpetrators" argument to the jury.

---

[2] The government is not aware of Tiri Brown being a suspect in, charged with or convicted of murder. But, even if he had, this would be irrelevant unless the murder was one of the murders at issue here. As with Villanueva's nickname, the collateral issue of whether Tiri Brown committed a different murder is one that should not be raised in front of the jury and should be precluded under Rule 403.

In sum, the Court should preclude the defendants from offering evidence or arguments related to alternative perpetrators without first demonstrating a sufficient nexus between those perpetrators and the crimes. In addition, the Court should preclude the defendants from cross examining witnesses, including Amanda Walton, to elicit testimony related to the defendants' speculative alternative perpetrator theories. Finally, the Court should strike defendant Gillespie's efforts to do so thus far, including the exhibits offered through Nia Govan and any related testimony.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/
Drew G. Rolle
Lindsey R. Oken
Joy Lurinsky
Victor Zapana
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of the Court (BMC) (by ECF)
     Counsel for New York Pod Defendants (by ECF)